1  JOHN V. HANLEY (State Bar No. 162,851)
   jhanley@steptoe.com
2  DOUGLAS R. PETERSON (State Bar No. 215,949)
   dpeterson@steptoe.com
3  STEPTOE & JOHNSON LLP
   2121 Avenue of the Stars, Suite 2800
4  Los Angeles, California  90067-5052
   Telephone: (310) 734-3200
5  Facsimile:  (310) 734-3300
6
7  Attorneys for Defendant and Counterclaimant
   ALLTRADE TOOLS LLC
8
9                UNITED STATES DISTRICT COURT
10              FOR THE SOUTHERN DISTRICT OF CALIFORNIA
11
12 JENS ERIK SORENSEN, as Trustee of         Case No.:  08-CV-232 BTM (CAB)
   SORENSEN RESEARCH AND
13 DEVELOPMENT TRUST,
                                             **DEFENDANT ALLTRADE TOOLS'
14          Plaintiff,                       ANSWER AND COUNTERCLAIMS
                                             TO PLAINTIFF'S COMPLAINT FOR
15     vs.                                   PATENT INFRINGEMENT**
16 ALLTRADE TOOLS LLC, a California
   Corporation; and DOES 1-100,              **JURY TRIAL DEMANDED**
17
18          Defendants.
19
20
21
22
23
24
25
26
27
28
                                         1
                                                   ALLTRADE'S ANSWER AND COUNTERCLAIMS
                                                          CASE NO. 08-CV-232 BTM (CAB)

Doc. # CC-182428 v.1

Defendant Alltrade Tools LLC ("Alltrade") answers Plaintiff Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust's ("SRDT") Complaint for Patent Infringement and Counterclaims for Declaratory Judgment as follows:

**AS TO THE PARTIES:**

1. Alltrade lacks sufficient knowledge and information to admit or deny the allegations of paragraph 1, and therefore denies the same, leaving plaintiff to its proofs.

2. Admitted.

3. Alltrade lacks sufficient knowledge and information to admit or deny the allegations of paragraph 3, and therefore denies the same, leaving plaintiff to its proofs.

4. Alltrade lacks sufficient knowledge and information to admit or deny the allegations of paragraph 4, and therefore denies the same, leaving plaintiff to its proofs.

**AS TO JURISDICTION AND VENUE:**

5. Admitted.

6. Alltrade admits that venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Alltrade denies the remaining allegations of paragraph 6.

7. Alltrade denies that "[t]his Court has personal jurisdiction over Defendants because they manufacture within, import into, offer for sale, and/or sell infringing products in this District," as alleged in paragraph 7.

**AS TO CLAIM FOR RELIEF:**

8. Alltrade asserts and incorporates by reference its responses in paragraphs 1-7 above.

9. Alltrade admits that the cover page of U.S. Patent No. 4,935,184 ("the '184 patent") is titled "Stabilized Injection Molding When Using A Common Mold Part With Separate Complimentary Mold Parts," and states the issue date was June 19, 1990. Alltrade denies the remaining allegations of paragraph 9.

10. Denied.

11. Admitted as to Alltrade. Alltrade lacks sufficient knowledge and information to admit or deny the remaining allegations of paragraph 11, and therefore denies the same, leaving plaintiff to its proofs.

12. Alltrade lacks sufficient knowledge and information to admit or deny the allegations of paragraph 12, and therefore denies the same, leaving plaintiff to its proofs.

13. Alltrade admits that it received a letter from plaintiff regarding the '184 patent that was dated October 3, 2007. Alltrade denies the remaining allegations of this paragraph.

14. Alltrade lacks sufficient knowledge and information to admit or deny the allegations of paragraph 14, and therefore denies the same, leaving plaintiff to its proofs.

15. Denied.

16. Alltrade admits that it has not obtained a license to the '184 patent. Except as expressly admitted, Alltrade denies the remaining allegation in paragraph 16.

17. Alltrade admits that plaintiff sent a letter alleging that the Kawasaki 19.2V Cordless Reciprocating Saw infringed the '184 patent, and denies the remaining allegations of paragraph 17.

18. Denied.

19. Alltrade admits plaintiff did request that Alltrade provide factual information necessary to verify the manufacturing process used to make the Kawasaki 19.2V Cordless Reciprocating Saw, and Alltrade did provide this factual information. Alltrade lacks sufficient knowledge and information to admit or deny the remaining allegations of paragraph 19, and therefore denies the same, leaving plaintiff to its proofs.

20. Denied.

21. Alltrade was given an opportunity to prove that it was not infringing the claims of the '184 patent and Alltrade did prove that the Kawasaki 19.2V Cordless Reciprocating Saw does not infringe the claims of the '184 patent. Alltrade denies the remaining allegations of paragraph 21.

22. Denied.

Doc. # CC-182428 v.1

1. 23. Denied.
2. 24. Denied.
3. 25. Denied.
4. 26. Denied.
5. 27. Denied.

**AS TO PRAYER FOR RELIEF:**

28. Alltrade acknowledges plaintiff has made a request for relief, but denies plaintiff is entitled to such relief with respect to plaintiff's request for relief against Alltrade.

**AS TO THE DEMAND FOR JURY TRIAL:**

29. Alltrade acknowledges that plaintiff has made a demand for a jury trial.

**FIRST AFFIRMATIVE DEFENSE**
**(FAILURE TO STATE A CLAIM)**

30. The Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(INVALIDITY AND UNENFORCEABILITY)**

31. The '184 patent is invalid, void and unenforceable for failure to comply with one or more provisions of the United States Code, including Sections 101, 102, 103 and 112 in Title 35, and/or the Rules and Regulations of the U.S. Patent & Trademark Office set forth in Title 37, C.F.R.

**THIRD AFFIRMATIVE DEFENSE**
**(NON-INFRINGEMENT)**

32. Alltrade has not infringed any valid claim of the '184 patent.
33. Alltrade has not induced or contributed to the infringement of any valid claim of the '184 patent by another.

**FOURTH AFFIRMATIVE DEFENSE**
**(LACHES AND/OR ESTOPPEL)**

34. The Complaint is barred by laches and/or estoppel.

## FIFTH AFFIRMATIVE DEFENSE

## (35 U.S.C. § 286)

35. On information and belief, the Complaint and demand for relief are barred, in whole or in part, by 35 U.S.C. § 286

## SIXTH AFFIRMATIVE DEFENSE

## (PROSECUTION HISTORY ESTOPPEL)

36. On information and belief, and on the basis of proceedings in the Patent and Trademark Office during the prosecution of the application that matured into the '184 patent, plaintiff is estopped from construing the '184 patent to cover any products made, used, or sold by Alltrade.

## ADDITIONAL DEFENSES

37. As Alltrade's investigation is ongoing and discovery has not yet been taken, Alltrade is without sufficient information regarding the existence or non-existence of other facts or acts that would constitute a defense to plaintiff's claims of patent infringement or that would establish the invalidity or unenforceability of the claims of the '184 patent, including knowledge of prior art or related patents. Alltrade accordingly gives notice that it may assert facts or acts which tend to establish non-infringement, invalidity, unenforceability, or which otherwise constitute a defense under Title 35 of the United States Code.

## COUNTERCLAIMS

1. Defendant/Counterclaim Plaintiff Alltrade Tools, LLC ("Alltrade") brings the following Counterclaims against Plaintiff/Counterclaim Defendant Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust's ("Sorensen"):

## THE PARTIES

2. Counterclaim Plaintiff Alltrade, is a limited liability company organized under the laws of California, having a principal office located at 1431 Via Plata, Long Beach, CA 90810-1462.

3. Counterclaim Defendant Sorensen, on information and belief, is a California resident, and the trustee of a trust organized according to California law.

## JURISDICTION AND VENUE

4. On February 5, 2008 Sorensen filed a Complaint alleging that Alltrade and other defendants infringed U.S. Patent No. 4,935,184 ("the '184 patent").

5. The Court has jurisdiction for this counterclaim for declaratory relief under 28 U.S.C. §§ 2201-2202, and under the laws of the United States concerning actions relating to patents under 28 U.S.C. §§ 1331 and 1338(a).

6. Sorensen has consented to the personal jurisdiction of this Court by filing his Complaint.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

8. A justiciable controversy has arisen and exists between Alltrade and Sorensen concerning the validity, enforceability and scope of the '184 patent and Alltrade's liability for alleged infringement thereof.

## COUNTERCLAIM I
## (NON-INFRINGEMENT OF THE '184 PATENT)

9. Alltrade asserts and incorporates by reference its allegations in paragraphs 1-8 above.

10. Sorensen has alleged and claimed that Alltrade has infringed the '184 patent.

11. Alltrade has not infringed any valid claim of the '184 patent and has not induced or contributed to the infringement of any valid claim of the '184 patent by another.

12. Alltrade is entitled to a judicial declaration that it has not infringed the '184 patent.

## COUNTERCLAIM II
### (INVALIDITY OF THE '184 PATENT)

13. Alltrade asserts and incorporates by reference its allegations in paragraphs 1-12 above.

14. Sorensen has alleged and claimed that it owns the '184 patent.

15. Sorensen has alleged that the '184 patent was duly and legally issued.

16. On information and belief, the '184 patent is invalid for failure to meet the conditions of patentability set forth in 35 U.S.C. § 101, § 102, § 103, § 112, § 116, and/or § 132.

17. Alltrade is entitled to a judicial declaration that the '184 patent is invalid.

## COUNTERCLAIM III
### (UNENFORCEABILITY OF THE '184 PATENT)

18. Alltrade asserts and incorporates by reference its allegations in paragraphs 1-17 above.

19. Sorensen has alleged and claimed that it owned or owns the '184 patent.

20. Sorensen has alleged that the '184 patent was duly and legally issued.

21. On information and belief, the '184 patent is unenforceable for one or more of the reasons in Alltrade's above Affirmative Defenses, including specifically the affirmative defenses set forth in paragraphs 31, 34, and 35 above, which are incorporated herein by reference.

22. Alltrade is entitled to a judicial declaration that the '184 patent is unenforceable.

## JURY DEMAND

Alltrade hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Alltrade respectfully requests and prays that this Honorable Court grant the following relief:

A. That the Complaint be dismissed with prejudice;

1  B. That the '184 patent be declared invalid, void and/or unenforceable;
2  C. That Alltrade be declared not to have infringed the '184 patent;
3  D. That Alltrade be found not to have violated any other alleged rights of
4  plaintiff;
5  E. That the Court declare this to be an exceptional case under 35 U.S.C. § 285
6  and award Alltrade its costs and expenses including reasonable attorney fees; and
7  F. That Alltrade be awarded such other and further relief which the Court may
8  deem just or proper under the circumstances.

Dated: April 28, 2008                    STEPTOE & JOHNSON LLP


By:   /s/ Douglas R. Peterson
      JOHN V. HANLEY
      DOUGLAS R. PETERSON
      2121 Avenue of the Stars
      Suite 2800
      Los Angeles, CA  90067-5052
      (310) 734-3200 telephone
      (310) 734-3300 facsimile
      jhanley@steptoe.com
      dpeterson@steptoe.com

Attorneys for Defendant and
Counterclaimant
ALLTRADE TOOLS LLC

# PROOF OF SERVICE

The undersigned hereby certifies that on April 28, 2008, the foregoing DEFENDANT ALLTRADE TOOLS' ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

*Attorneys for Plaintiff*

J. Michael Kaler (SBN 158296)
KALER LAW OFFICES
9930 Mesa Rim Road, Suite 200
San Diego, CA  92121
Phone:  (858) 362-3151
Fax:  (858) 824-9073
michael@kalerlaw.com

Melody A. Kramer (SBN 169984)
KRAMER LAW OFFICE
9930 Mesa Rim Road, Suite 1600
San Diego, CA  92121
Phone:  (858) 362-3150
Fax:  (858) 824-9073
mak@kramerlawip.com

The undersigned certifies that all parties in this case are represented by counsel who are CM/ECF participants.

      /s/ Douglas R. Peterson
Attorneys for Alltrade Tools LLC