1  MELODY A. KRAMER, SBN 169984
2  KRAMER LAW OFFICE, INC.
   9930 Mesa Rim Road, Suite 1600
3  San Diego, California 92121
   Telephone (858) 362-3150
4
   J. MICHAEL KALER, SBN 158296
5  KALER LAW OFFICES
   9930 Mesa Rim Road, Suite 200
6  San Diego, California 92121
7  Telephone (858) 362-3151

8  Attorneys for Plaintiff

9  JOHN V. HANLEY, SBN 162851
   DOUGLAS R. PETERSON, SBN 215949
10 STEPTOE & JOHNSON LLP
   2121 Avenue of the Stars, Suite 2800
11 Los Angeles, CA 90067-5052
12 Telephone 310-734-3200

13 Attorneys for Defendant

14

15                    UNITED STATES DISTRICT COURT

16                   FOR THE SOUTHERN DISTRICT OF CALIFORNIA

17

18 JENS ERIK SORENSEN, as Trustee of      ) Case No. 08-CV-232 BTM CAB
   SORENSEN RESEARCH AND                  )
19 DEVELOPMENT TRUST,                     ) **STIPULATED PROTECTIVE ORDER FOR**
                                          ) **THE EXCLUSIVE PURPOSE OF**
20                        Plaintiff       ) **FACILITATING SETTLEMENT**
         v.                               ) **DISCUSSIONS**
21                                        )
22 ALLTRADE TOOLS, LLC, a California      )
   Corporation; and DOES 1 – 100,         )
23                                        )
                          Defendants.     )
24 _____ )
   and related counterclaims.             )
25                                        )

26
27
28

Plaintiff Jens Erik Sorensen and Defendant Alltrade Tools, LLC, by and through their respective counsel, hereby stipulate to a limited protective order for the exclusive purpose of allowing Defendant to produce confidential information to Plaintiff in order to facilitate settlement discussions subject to *Federal Rules of Evidence* § 408.

## DEFINITIONS

The term "Confidential Information" for purposes of this Stipulation shall mean and include any and all information contained or disclosed in any materials, including documents, portions of documents any financial or commercial information provided by Defendant, or one of them, including data, summaries, and compilations derived therefrom, that is (1) considered by Defendant to be confidential to the disclosing party; and (2) is disclosed to Plaintiff for the sole purpose of settlement negotiations.

## TERMS

1.  Defendant has agreed to provide Plaintiff with certain Confidential Information regarding the accused products in this case for purposes of discussing possible settlement. All information deemed Confidential Information by Defendant shall be clearly marked as follows: "CONFIDENTIAL INFORMATION DISCLOSED FOR SETTLEMENT DISCUSSIONS." The inadvertent production of any material without it being properly marked shall not be deemed a waiver of any claim of confidentiality in such information or document if brought to the attention of the parties within a reasonable time after production.

2.  Any material designated as Confidential Information shall be held in confidence by Plaintiff and shall not be disclosed by Plaintiff to anyone other than those persons designated herein and shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in settlement

1  negotiations in this litigation unless and until the stay of this case is lifted.

2      3.    If no settlement is reached between the parties prior to a lift of stay of
3  this case, materials designated Confidential Information and produced to Plaintiff
4  under this Stipulated Protective Order shall be returned to Defendant by Plaintiff.

5      4.    Counsel for Plaintiff, and each person receiving Confidential
6  Information, shall take reasonable precautions to prevent the unauthorized or
7  inadvertent disclosure of such information. If Confidential Information is disclosed
8  to any person other than a person authorized by this Stipulated Protective Order,
9  Plaintiff must immediately bring all pertinent facts relating to the unauthorized
10 disclosure to the attention of Defendant and, without prejudice to any rights and
11 remedies of the Defendant, make every effort to prevent further unauthorized
12 disclosure by the party and by the person(s) receiving the unauthorized disclosure.

13     5.    Access to Confidential Information furnished to Plaintiff under this
14 Stipulated Protective Order shall be restricted to: (i) Plaintiff's counsel of record
15 (including its professional, paraprofessional, stenographic, and clerical employees);
16 and (ii) no more than a total of two (2) representatives for Plaintiff that are necessary
17 to review such information.

18     6.    This Stipulated Protective Order shall not prevent either party from
19 applying to the Court for any further orders or discovery, and shall not preclude
20 either party from enforcing their rights at law or in equity.

21     7.    Any information produced by Defendant under this protective order
22 shall not be construed as an admission or agreement that (a) any specific information
23 is or is not confidential, subject to discovery, relevant, or admissible as evidence in
24 this litigation, (b) the stay entered in this litigation should be modified or not
25 appropriate, (c) the stay in this litigation will eventually be lifted by the Court, (d)
26 this litigation will eventually proceed, or (e) the '184 patent is valid, enforceable or
27 infringed.

28

8. The Court shall retain jurisdiction for the purpose of ensuring compliance with this Order and granting such modifications to this Order and such other relief as may be necessary, and either party may apply to the Court for a modification to this Order.

9. Nothing in this Order shall affect future discovery proceedings or subsequent protective orders entered by the Court for general purposes in this suit.

10. The parties agree to abide by and be bound by the terms of this Stipulation upon signature by their attorneys.

The parties have authorized electronic signatures for purposes of this Stipulated Protective Order.

IT IS SO STIPULATED.

DATED this Friday, August 15, 2008.

JENS ERIK SORENSEN, as Trustee of
SORENSEN RESEARCH AND DEVELOPMENT
TRUST, Plaintiff

/s/ Melody A. Kramer
_____
J. Michael Kaler, Esq.
Melody A. Kramer, Esq.
Attorneys for Plaintiff

ALLTRADE TOOLS, LLC, Defendant

/s/ Douglas R. Peterson
_____
John V. Hanley
Douglas R. Peterson
Attorneys for Defendant