UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>       Plaintiff<br><br> v.<br><br>ALLTRADE TOOLS, LLC, a California Corporation; and DOES 1 – 100,<br><br>       Defendants.<br>_____<br>and related counterclaims.<br>_____ | Case No. 08-CV-232 BTM CAB<br><br>**ORDER ON STIPULATED PROTECTIVE ORDER FOR THE EXCLUSIVE PURPOSE OF FACILITATING SETTLEMENT DISCUSSIONS** |

  THE COURT, having reviewed the Stipulated Protective Order for the Exclusive Purpose of Facilitating Settlement Discussions filed by the parties, and finding good cause, orders as follows:

## DEFINITIONS

The term "Confidential Information" for purposes of this Stipulation shall mean and include any and all information contained or disclosed in any materials, including documents, portions of documents any financial or commercial information provided by Defendant, or one of them, including data, summaries, and compilations derived therefrom, that is (1) considered by Defendant to be confidential to the disclosing party; and (2) is disclosed to Plaintiff for the sole purpose of settlement negotiations.

## TERMS

1.  Defendant has agreed to provide Plaintiff with certain Confidential Information regarding the accused products in this case for purposes of discussing possible settlement. All information deemed Confidential Information by Defendant shall be clearly marked as follows: "CONFIDENTIAL INFORMATION DISCLOSED FOR SETTLEMENT DISCUSSIONS." The inadvertent production of any material without it being properly marked shall not be deemed a waiver of any claim of confidentiality in such information or document if brought to the attention of the parties within a reasonable time after production.

2.  Any material designated as Confidential Information shall be held in confidence by Plaintiff and shall not be disclosed by Plaintiff to anyone other than those persons designated herein and shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in settlement negotiations in this litigation unless and until the stay of this case is lifted.

3.  If no settlement is reached between the parties prior to a lift of stay of this case, materials designated Confidential Information and produced to Plaintiff under this Stipulated Protective Order shall be returned to Defendant by Plaintiff.

1   4. Counsel for Plaintiff, and each person receiving Confidential
2   Information, shall take reasonable precautions to prevent the unauthorized or
3   inadvertent disclosure of such information. If Confidential Information is disclosed
4   to any person other than a person authorized by this Stipulated Protective Order,
5   Plaintiff must immediately bring all pertinent facts relating to the unauthorized
6   disclosure to the attention of Defendant and, without prejudice to any rights and
7   remedies of the Defendant, make every effort to prevent further unauthorized
8   disclosure by the party and by the person(s) receiving the unauthorized disclosure.

9   5. Access to Confidential Information furnished to Plaintiff under this
10  Stipulated Protective Order shall be restricted to: (i) Plaintiff's counsel of record
11  (including its professional, paraprofessional, stenographic, and clerical employees);
12  and (ii) no more than a total of two (2) representatives for Plaintiff that are necessary
13  to review such information.

14  6. This Stipulated Protective Order shall not prevent either party from
15  applying to the Court for any further orders or discovery, and shall not preclude
16  either party from enforcing their rights at law or in equity.

17  7. Any information produced by Defendant under this protective order
18  shall not be construed as an admission or agreement that (a) any specific information
19  is or is not confidential, subject to discovery, relevant, or admissible as evidence in
20  this litigation, (b) the stay entered in this litigation should be modified or not
21  appropriate, (c) the stay in this litigation will eventually be lifted by the Court, (d)
22  this litigation will eventually proceed, or (e) the '184 patent is valid, enforceable or
23  infringed.

24  8. The Court shall retain jurisdiction for the purpose of ensuring
25  compliance with this Order and granting such modifications to this Order and such
26  other relief as may be necessary, and either party may apply to the Court for a
27  modification to this Order.

28  9. Nothing in this Order shall affect future discovery proceedings or

1 subsequent protective orders entered by the Court for general purposes in this suit.
2 IT IS SO ORDERED.

4 DATED August 19, 2008.

_____
Honorable Barry Ted Moskowitz
United State District Judge