JOHN V. HANLEY (State Bar No. 162,851)
jhanley@steptoe.com
DOUGLAS R. PETERSON (State Bar No. 215,949)
dpeterson@steptoe.com
STEPTOE & JOHNSON LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067-5052
Telephone:(310) 734-3200
Facsimile: (310) 734-3300

Attorneys for Defendant and Counterclaimant
ALLTRADE TOOLS LLC

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>ALLTRADE TOOLS LLC, a California Corporation; and DOES 1-100,<br><br>Defendants. | Case No.: 08-CV-232 BTM (CAB)<br><br>**DEFENDANT ALLTRADE TOOLS LLC'S BRIEF IN REPLY TO PLAINTIFF'S RESPONSE TO OSC RE STAY** |

On August 19, 2008, the Court ordered the parties to show cause why this case should not be stayed pending reexamination of U.S. Patent No. 4,935,184 ("the '184 patent"). Defendant Alltrade Tools LLC ("Alltrade") submits this brief in reply to Plaintiff's Response to OSC re Stay filed August 28, 2008, and respectfully submits that this case should be stayed pending the outcome of the reexamination of the '184 patent. A stay is appropriate to avoid the risk of unnecessary litigation and to permit the clarification of issues before this court.

# INTRODUCTION

As discussed in more detail below, consideration of the similar factors found between this case and related cases that have already been stayed, leads to a determination that this case should also be stayed. Further, the new evidence submitted by the Plaintiff regarding the likely outcome of the reexamination and the length of reexamination proceedings is unpersuasive. In fact, reference to the Dennis Crouch publication cited by the Plaintiff shows that the most likely outcome of the reexamination is that the claims of the '184 patent will be amended or canceled. Moreover, the reexamination of the '184 patent was filed only 13 months ago, and it is too early to make an accurate guess as to the length of its pendency. For the same reasons that several of the related cases have already been stayed by this Court, and for the reasons submitted herein, this case should be stayed.

# ARGUMENT

## I.     The Factors In This Case Determine That A Stay Should Be Granted

This Court has already stayed several of the other pending cases involving the '184 patent in view of the current reexamination. One of those cases was *Sorensen v. Star Asia USA, LLC.*, case no. 2:08-cv-00307-BTM (CAB), and the Court therein stated:

> a reasonable stay is appropriate in this case because the litigation is in its early stages, Plaintiff has not established undue prejudice, and the reexamination will simplify issues for the Court and save expense for the parties. See, e.g., *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999).

(See page 2 of the Order dated May 23, 2008, Document No. 17).

This case is also in the very early stages of litigation. To date, an early neutral evaluation (ENE) has not been scheduled, a scheduling order has not been entered and discovery has not been commenced. A stay at this early stage would not cause any prejudice or disadvantage to the Plaintiff.

//

//

Further, Defendant would potentially be prejudiced if the stay is not entered in this case. As noted by the Court in *Sorensen v. Black & Decker et al.*, case no. 2:06-cv-01572-BTM (CAB):

> Not only could the Court and the PTO reach conflicting determinations, but one possible scenario could result in irreparable harm to [Defendant]: if this Court finds that the [patent] is not invalid and that [Defendant] has infringed it, and orders [Defendant] to pay damages to [Plaintiff] for such infringement, then [Defendant] would have no ability to recover those damages if at a later date the PTO determined that the [] patent is invalid. *Bausch & Lomb, Inc. v. Alcon Lab., Inc.*, 914 F. Supp. 951, 952 (W.D.N.Y. 1996).

(See page 8 of Order dated September 10, 2007, Document No. 243). The Court further noted that this was a highly undesirable outcome. *Id.*

## II. The Case Should Be Stayed Based On The High Probability That The Claims Of The '184 Patent Will Be Amended Or Canceled

In the August 28th Response, the Plaintiff submits "new statistics" to support a position that "the most likely outcome at the USPTO is that the main issues for claim construction will look exactly like they do now." (See page 6 of Plaintiff's Response, Document No. 16). However, this is the least likely outcome. Using statistics from the Dennis Crouch publication cited by the Plaintiff, there is in fact a 71% chance that the claims of the '184 patent will be amended or canceled during the reexamination proceeding. (See Ex. B, page 9 of Kramer Decl., Document No. 16-2). That means there is a significant likelihood that the claims of the '184 patent will be amended or canceled, which will affect both claim construction proceedings and the issue of claim validity. Further, the outcome of the reexamination may encourage a settlement or a dismissal of the action if the claims are dramatically amended or found to be invalid. Accordingly, the Court should stay this case until the reexamination of the '184 patent is concluded to avoid the needless waste of resources of this Court.

This Court should also stay the entire case, including issues of laches, procedural issues, affirmative defenses, and invalidity and/or enforceability of the claims. As stated

above, the outcome of the reexamination may encourage settlement or a dismissal of the action if the claims become amended and especially if the claims are canceled and found invalid. Also, both parties will benefit from a stay in this case by avoiding the costs of litigating these issues, in the event the claims of the '184 patent are modified or invalidated by the USPTO. Accordingly, the benefits to staying any portion of this case will also extend to staying all matters and issues before the Court.

### III. The Length Of The '184 Patent Reexamination Can Not Be Determined

Plaintiff also argues in his response that "[n]ew evidence makes a compelling case that the reexamination will likely take more than three years." (See page 6 of Plaintiff's Response, Document No. 16). The statistics provided by Dennis Crouch, and which are relied on by Plaintiff, actually state that the average pendency of an *ex parte* reexamination is 33.5 month with a median of 28.5 months. (See Ex. B, page 9 of Kramer Decl., Document No. 16-2). Also in his publication, Dennis Crouch states that the USPTO's reported average and median lengths of reexamination proceedings are 24.0 months and 18.6 months, respectively. *Id.* Currently, the reexamination of the '184 patent is in its 13th month. (See ¶ 5 of Kramer Decl., Document No. 16-2). Accordingly, it is too soon to make an accurate determination as to the length of the reexamination of the '184 patent. Therefore, it is submitted that the Plaintiff has not established that this case should not be stayed on the basis of the length of the reexamination of the '184 patent.

//
//
//
//
//
//
//
//

## **CONCLUSION**

Accordingly, Defendant submits that this case should be stayed. There is no good cause for this case to continue until the reexamination of the '184 patent is concluded.

Dated: September 5, 2008                          STEPTOE & JOHNSON LLP

                                                  By:   /s/ Douglas R. Peterson
                                                        JOHN V. HANLEY
                                                        DOUGLAS R. PETERSON
                                                        Attorneys for Defendant and
                                                        Counterclaimant
                                                        ALLTRADE TOOLS LLC

**PROOF OF SERVICE**

The undersigned hereby certifies that on September 5, 2008, the foregoing DEFENDANT ALLTRADE TOOLS LLC'S BRIEF IN REPLY TO PLAINTIFF'S RESPONSE TO OSC RE STAY was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

*Attorneys for Plaintiff*

J. Michael Kaler (SBN 158296)
KALER LAW OFFICES
9930 Mesa Rim Road, Suite 200
San Diego, CA  92121
Phone:  (858) 362-3151
Fax:  (858) 824-9073
michael@kalerlaw.com

Melody A. Kramer (SBN 169984)
KRAMER LAW OFFICE
9930 Mesa Rim Road, Suite 1600
San Diego, CA  92121
Phone:  (858) 362-3150
Fax:  (858) 824-9073
mak@kramerlawip.com

The undersigned certifies that all parties in this case are represented by counsel who are CM/ECF participants.

/s/ Douglas R. Peterson
JOHN V. HANLEY
DOUGLAS R. PETERSON
Attorneys for Defendant and Counterclaimant
ALLTRADE TOOLS LLC